UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 NOV -5 A 9: 32
US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| Christopher Bakowski, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:02CV739(SRU) |
| ) | |
| Lieutenant Colonel Edward E. Hunt, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | November 4, 2003 |

**DEFENDANTS' OPPOSITION TO REQUEST TO AMEND COMPLAINT**

I.   **INTRODUCTION**

For the reasons set forth herein, and pursuant to Rule 15[1] of the Federal Rules of Civil Procedure, the defendants oppose the plaintiff's request to amend the complaint. Defendants submit that the proposed second amended complaint should be rejected as futile and this lawsuit should now be dismissed with prejudice in accordance with Fed. R. Civ. Pr. 12(b)(1) and (b)(6).

---

[1] Leave to file an amended complaint "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), and "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or **futility**." Milanese v. Rust-Oleum Corp., 244 F. 3d 104, 110 (2d Cir. 2001)(citations omitted)(emphasis added). "Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters." Hatch v. Department for Children, Youth and Their Families, 274 F. 3d 12, 19 (1st Cir. 2001) citing Resolution Trust Corp. v. Gold, 30 F. 3d 251, 253 (1st Cir. 1994).

II. **ARGUMENT**

   A. <u>Proposed Claims One and Two Must be Rejected as Plaintiff Failed To Exhaust His Administrative Remedies Before Attempting to Bring Suit Under The Federal Tort Claims Act (FTCA).</u>

In the proposed second amended complaint, plaintiff attempts to allege state law tort violations by the defendants of intentional and negligent infliction of emotional distress. This proposed cause of action, however, falls within the provisions of the FTCA and is barred by the plaintiff's failure to comply with the statute's provisions.[2]

The FTCA is an express waiver of the government's sovereign immunity from suit to the following extent:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

<u>Id</u>. § 1346(b).

---

[2] We note that the pro se plaintiff fails to cite the FTCA as a jurisdictional basis for his proposed second amended complaint. Rather, plaintiff mistakenly invokes jurisdiction pursuant to 28 U.S.C. 1332. <u>See</u> Second Amend. Comp., page 3, section B. Section 1332 is the general "diversity" and "amount in controversy" statute, and it does not constitute a cause of action in and of itself.

Furthermore, if the Court were to construe the proposed second amended complaint as having been brought against the named individual defendants in their <u>official</u> capacities, then the individuals would have to be dismissed from the suit. Because an action for monetary relief against a federal official in his or her official capacity is essentially an action against the United States itself, such an action would be barred by sovereign immunity. <u>Federal Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471, 486 (1994).

The FTCA requires exhaustion of administrative remedies before the filing of suit. 28 U.S.C. § 2675(a) provides, in pertinent part, that "[a]n action shall not be instituted [under the FTCA] . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." Presentment of an administrative claim and exhaustion of that remedy are jurisdictional and cannot be waived. McNeil v. United States, 508 U.S. 106, 111-13 (1993); Filaski v. United States, 776 F. Supp. 115, 117 (E.D.N.Y. 1991). Thus, a plaintiff's failure to comply with § 2675(a) mandates dismissal of all causes of action cognizable under § 1346(b) of the FTCA. Contemporary Mission, Inc. v. United States Postal Serv., 648 F.2d 97, 104 (2d Cir. 1981); Rauccio v. Frank, 750 F. Supp. 566, 574 (D. Conn. 1990) (Eginton, J.).

Plaintiff does not allege or provide any evidence that he complied with the FTCA administrative claim requirements before bringing suit.[3] Plaintiff merely asserts that he "sent a letter dated March 15, 2002, to the relevant government agencies and officials requesting relief." Second Amended Complaint, p. 10., section E.2. Even assuming this to be true, such a vague and unsupported assertion is insufficient to establish exhaustion of administrative remedies.

---

[3] We also note that plaintiff has again named the wrong defendants. The FTCA does not permit suits against federal agencies eo nomine. See, e.g., Rivera v. United States, 928 F.2d 592, 609 (2d Cir. 1991) (court dismissed for lack of subject matter jurisdiction a suit brought against the Drug Enforcement Administration because FTCA "precludes suits against federal agencies. . . ."); Gilles v. United States, 906 F.2d 1386, 1391 (10th Cir. 1990) (Veterans Administration properly dismissed as a defendant in an FTCA action). The only proper federal institutional defendant in an FTCA action is the United States. Rivera, 928 F.2d at 609. The FTCA itself makes this clear. See, e.g., 28 U.S.C. § 2674 ("[t]he United States shall be liable, respecting the provisions of this title relating to tort claims. . . ."); see also id. § 2675 ("[a]n action shall not be instituted upon a claim against the United States for money damages" under the statute until administrative remedies are exhausted). Therefore, because the plaintiff has not sued the United States, the Court lacks subject matter jurisdiction over any potential FTCA action. To the extent such an action exists, it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

Furthermore, the FTCA contains two limitations periods, both of which must be complied with before an action can be deemed timely filed:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency **within two years** after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented (emphasis added).

28 U.S.C. § 2401(b); see also Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980) (legislative history of § 2401(b) "clearly shows" that Congress intended plaintiffs "to surmount both [time] barriers" in the statute) (emphasis in original). The purpose behind the FTCA's time provisions is to "require reasonably diligent presentation of tort claims against the Government." United States v. Kubrick, 444 U.S. 111, 123 (1979). A claim accrues when the plaintiff discovers the injury and its probable cause. Kubrick, 444 U.S. at 120-125. The burden of showing timely presentment to an agency rests with the plaintiff. Payne v. United States, 10 F. Supp. 2d 203, 204 (N.D.N.Y 1998)(citing Keene Corp. v. United States, 700 F.2d 836, 840 (2d Cir.), cert. denied, 464 U.S. 864 (1983)). Section 2401(b) has been construed as a substantive condition of the United States' limited waiver of immunity under the FTCA, and, therefore, satisfaction of the limitations periods in § 2401(b) is a jurisdictional prerequisite to recovery under the statute. Kubrick, 444 U.S. at 117-18 n.1.

The plaintiff's allegations in the proposed second amended complaint clearly demonstrate that, to the extent the plaintiff's alleged March 15, 2002 letter is presumed to be an adequate FTCA claim, it was not timely filed within the two-year limit. Plaintiff's proposed state tort claims stem from the government's motion to dismiss, and the allegedly false affidavits and

4

arguments presented therein, that was filed in Bakowski v. Kurimai, 3:98CV2287(DJS), on April 26, 1999. Second Amended Complaint, pages 6-7, section D, paragraphs 2-11. Plaintiff filed an opposition to the government's motion to dismiss on June 8, 1999. Second Amend. Comp., page 6, para. 6. In addition, a review of PACER's docket report in Bakowski v. Kurimai shows that plaintiff moved for an enlargement of time to file a response to the motion to dismiss on May 17, 1999. (See Dkt #14). Therefore, at the very latest, plaintiff's claim accrued sometime between April 26, 1999, and June 8, 1999, when plaintiff filed his opposition to the motion to dismiss after receiving the government's motion and supporting documents, reviewing the submission, and moving for an enlargement of time to respond thereto.

Accordingly, plaintiff's March 15, 2002 letter was nearly one full year too late. As a result, the proposed second amended complaint is "forever barred." 28 U.S.C. § 2401(b). Plaintiff's proposed second amended complaint is futile and must be dismissed for lack of subject matter jurisdiction.

    B.    <u>Even Assuming Adequate Exhaustion, Plaintiff Fails to State a Claim of Intentional or Negligent Infliction of Emotional Distress</u>

The Supreme Court has consistently held that "law of the place" in § 1346(b) means the state, not federal, law where the act or omission took place. FDIC v. Meyer, 510 U.S. 471, 478 1001 (1994) (citations omitted). Thus, state law provides the source of substantive liability for causes of action cognizable under § 1346(b), and the FTCA is the exclusive remedy for such causes of action. *Id.* at 478; *see also* 28 U.S.C. § 2679(b)(1) (FTCA is "exclusive of any other civil action or proceeding for money damages . . . against the employee whose act or omission gave rise to the claim").

5

Here, the state law providing the source of substantive liability would be the law of the State of Connecticut. Connecticut courts have recognized a cause of action for intentional infliction of emotional distress. To prevail on such a cause of action, four elements must be proven:

> (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.

Carol v. Allstate Ins. Co., 262 Conn. 433, 443-43, 815 A.2d 119, 126 (2003)(citations omitted). Proving a cause of action for intentional infliction of emotional distress in Connecticut is difficult. According to the Connecticut Supreme Court in Carol, "[l]iability has been found *only* where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 443, 815 A.2d at 126 (emphasis added).

Similarly, "in order to prevail on a claim of negligent infliction of emotional distress, the plaintiff must prove that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." Scanlon v. Connecticut Light & Power Co. 258 Conn. 436, 446, 782 A.2d 87 (2001). It requires that "the fear or distress experienced by the plaintiffs be reasonable in light of the conduct of the defendants. If such a fear were reasonable in light of the defendants' conduct, the defendants should have realized that their conduct created an unreasonable risk of causing distress, and they, therefore, properly would be held liable. Conversely, if the fear were unreasonable in light of the defendants' conduct, the defendants would not have recognized that their

conduct could cause this distress and, therefore, they would not be liable." Barrett v. Danbury Hospital, 232 Conn. 242, 261-62, 654 A. 2d 748 (1995).

Plaintiff's largely conclusory and unsupported claims, even when viewed in a light most favorable to plaintiff, are legally insufficient. Plaintiff's proposed second amended complaint rehashes plaintiff's subjective beliefs that documents were fabricated in support of the motion to dismiss plaintiff's previous lawsuit on statute of limitation grounds in Bakowski v. Kurimai, and that documents were later destroyed by multiple defendants in an attempt to conceal the earlier fabrication (Second Amend. Comp., pages 5-7, para. 1-9). However, plaintiff again concedes that the allegedly fabricated documents and the statute of limitations argument were withdrawn by government counsel once the plaintiff brought the date stamp discrepancy regarding the FTCA denial letter to the attention of the court and the parties ( Second Amend. Comp., page 7, paragraph 10). As a result, and as plaintiff concedes, the district court in Bakowski v. Kurimai never even addressed the argument that plaintiff finds offensive, nor did the court consider any allegedly fabricated documents filed in support thereof. Accordingly, it is inconceivable how plaintiff's unsupported and speculative allegations, even if true, could rise to the level of intentional or negligent infliction of emotional distress under Connecticut state law.

Likewise, plaintiff's claims provide no basis to find that any of defendants realized, or should have realized, that the allegedly offensive conduct created an unreasonable risk of causing the plaintiff distress that might result in illness or bodily harm. In fact, none of the named defendants even filed the motion to dismiss or presented the statute of limitations argument that plaintiff finds troubling as the unnamed Assistant U.S. Attorney is no longer a listed defendant in the proposed second amended complaint. Moreover, any actual fear or distress experienced

by plaintiff as the result of simply reviewing a motion to dismiss with accompanying documents was unreasonable, and this fear and distress must have been quickly resolved when the motion was withdrawn by government counsel in August 1999. Second Amend. Comp., p. 7, para. 10. For these reasons, Claims One and Two fail to state a claim upon which relief may be granted and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### C. Even If The Plaintiff's FTCA Cause Of Action Were To Survive This Rule 12(b) Challenge, There Is No Right To A Jury Trial Under The Statute.

The FTCA precludes jury trials against the United States. 28 U.S.C. § 2401 provides in relevant part that "[a]ny action against the United States under section 1346 shall be tried by the court without a jury. . . ." Thus, even if the plaintiff's attempt to raise an FTCA cause of action were to survive, there is no right to a jury trial. Plaintiff's jury trial request (Second Amend. Comp., page 10, section H) should be rejected.

**CONCLUSION**

Accordingly, for the foregoing reasons, the plaintiff's request to amend the complaint should be denied and the case should be dismissed with prejudice.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____
WILLIAM M. BROWN, JR. (ct20813)
Assistant United States Attorney
157 Church Street
P.O. Box 1824
New Haven, CT 06508
(203) 821-3700

## CERTIFICATION OF SERVICE

I certify that a copy of the foregoing was mailed first-class, postage prepaid, on this 4th day of November, 2003, to:

Mr. Christopher Bakowski
335 Rocky Rapids Road
Stamford, CT 06903

_____
WILLIAM M. BROWN, JR.
ASSISTANT UNITED STATES ATTORNEY