UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC -9 P 12: 29

Christopher Bakowski,

                Plaintiff,

v.                              CIVIL NO. 3:02CV739 (SRU)

Lt. Col. Edward E. Hunt, et al.,

                Defendants.

                              December 7, 2003

**PLAINTIFF'S
MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**I.    INTRODUCTION**

The plaintiff, Christopher Bakowski, respectfully submits this Memorandum in Opposition to the defendants' Motion to Dismiss Second Amended Complaint ("Dismiss Second"), dated November 17, 2003, which was based upon a failure to exhaust administrative remedies before bringing suit under FTCA and failure to state a claim of intentional or negligent infliction of emotional distress.

**II.    ARGUMENT**

    A.        **Plaintiff did exhaust his administrative remedies in a timely manner pursuant to FTCA statute of limitations requirements**.

The defendants, in Dismiss Second, attempt to denigrate the efforts of the plaintiff, who appears *pro se* in this matter, by first citing FTCA requirements for presentment of an administrative claim and then stating "[p]laintiff **merely** asserts that he 'sent a letter dated March 15, 2002, to the relevant government agencies and officials requesting relief'." They continue with the following characterization, "such a **vague and unsupported assertion** is insufficient to establish exhaustion of administrative remedies." (Dismiss Second at 3-4, emphasis added.) I am sure the Court is aware of the existence and substance of the plaintiff's letter dated March 15, 2002, because it was submitted as part of the original complaint filed April 26, 2002. However, for the benefit of the defendants, I have attached another copy as Exhibit P-1. Copies of the March 15, 2002, letter were also sent to the U.S. Air Force, the DCAA, and the Justice Department. Additionally, I am attaching a letter dated April 15, 2002, from Captain Charles Ormsby, Claims Judge Advocate, U.S. Army Claims Service, which acknowledges the defendant's receipt of the plaintiff's March 15, 2002, letter as Exhibit P-2. Finally, I am attaching a letter dated October 4, 2002, from the plaintiff to Captain Ormsby, inquiring as to the status of the administrative investigation he was pursuing. Exhibit P-3. To date, the plaintiff has not received a response from Captain Ormsby to the October 4, 2002 letter.

1. **The two-year statute of limitations did not begin to run until the summer of 2000 at the earliest**.

The plaintiff has suffered severe emotional distress because of the actions of the defendants. The emotional distress was first manifested in symptoms of excess anxiety, frequent headaches, sleeplessness, and an inability to concentrate during the period from the summer of 2000 to the fall of 2001. These symptoms appeared gradually and are now fully developed.

2

In the months following the March 20, 2000, ruling (Docket #30) by Judge Squatrito in the plaintiff's malicious prosecution case (3:98CV2287), it became clear to the plaintiff that those involved in the fabrication of the May 15, 1998, document would not be brought to justice. Even though the plaintiff had repeatedly requested that the court compel an explanation from the 2287 defendants, the ruling by Judge Squatrito, which was silent on the matter, effectively terminated any hope for an investigation by the government. Subsequent discovery requests by the plaintiff were ignored by the defendants, while rulings by Judge Squatrito continued to remain silent and motions to compel were likewise ineffective. These attempts by the plaintiff to ascertain the truth regarding the May 15, 1998, letter effectively terminated on July 30, 2002, when Judge Squatrito granted a motion for summary judgment.

The plaintiff, in 2001, discovered another case involving what appeared to be similar conduct by one of the defendants in the instant matter, namely, Joseph Rouse. The case of Baggett v. City of Tupelo, Mississippi, and the United States, (1:00cv40-D-D), convinced the plaintiff that the mysterious letter of May 15, 1998, was indeed an attempt by government officials to deny him his due process rights.

As late as June 11, 2003, the plaintiff believed that he had met all of the requirements necessary to bring a claim under the FTCA. The plaintiff sent a handwritten fax cover sheet, with this date on it, to an associate. The plaintiff wrote, in relevant part, in discussing an earlier *Bivens* challenge by the defendants in this instant matter, that an FTCA suit is still possible and may be pursued after the *Bivens* case. Therefore, by deduction, the FTCA statute of limitations period began to run on March 15, 2000, at the earliest since this is the date that the plaintiff began the administrative claim process.

3

The Supreme Court has made it clear that under the discovery rule, "**discovery of the injury**, not discovery of the other elements of a claim, is what starts the clock." Rotella .v Wood, 528 U.S. 549, 555 (2000) (emphasis added). The Supreme Court also stated "cases in which we have recognized a prevailing discovery rule, moreover, were decided in two contexts, latent disease and medical malpractice." TRW Inc. v Andrews, 534 U.S. 19, 27 (2001). Clearly, the onset of the emotional distress is the determining factor in applying the appropriate statute of limitations rule.

*The Federal Tort Claims Handbook*, November 2003 WEB Edition, also provides the following direction to agencies upon which an administrative claim is served. "Claimant should be put on written notice that failure to file for sum certain in writing by proper person within two years of accrual may result in statute of limitation barring claim. Molinar v. U.S., 1975 U.S. App. LEXIS 13938 (5th Cir. 1975); Kelley v. U.S., 568 F.2d 259 (2d Cir. 1978)." This was not done in the instant matter. "Accordingly, early notification should be made to claimants where claim is clearly barred, e.g., SOL, Feres, and foreign country exclusion." Since this was never done, it follows that the instant matter is not "clearly barred" by SOL (Statute of Limitations).

B.      **The Plaintiff has Provided Sufficient Factual Evidence to Support a Claim of Intentional or Negligent Infliction of Emotional Distress**

As was pleaded by the plaintiff in the Second Amended Complaint, as well as in the Original Complaint, there is clearly a prima facia case for intentional or negligent infliction of emotional distress, when viewed in a light most favorable to the plaintiff. The plaintiff will not "rehash" (Second Dismiss at 7) the evidence already presented. The plaintiff will point out to the Court that no one has ever proffered an alternate explanation for the existence of two

4

identical letters with different date stamps. This fact, in and of itself, provides compelling support to the charges in the complaint(s). If that were not enough, it is also a fact that no one has ever produced a single copy of the original letter sent to the plaintiff on May 27, 1998. It is also a fact that no one has ever proffered an explanation for how all copies of the May 27, 1998, letter have disappeared from all government files. No one has ever proffered an explanation for why each government employee, with *attorney* credentials, involved in this matter, coincidently failed to keep copies of a subsequent, legal document. Not even the author has produced a May 27, 1998, version of the letter.

The defendants assumption that the plaintiff's "distress must have been quickly resolved when the motion was withdrawn by government counsel," is presumptuous, preposterous, and disingenuous. The loss of quality of life due to the actions of the defendants is an issue of fact for the jury or the Court to decide.

### III.  CONCLUSION

For the foregoing reasons, this Court should deny the defendants' Fed. R. Civ. P. 12 (b)(1) and (6), Motion to Dismiss.

Respectfully submitted,

_[signature]_

Christopher Bakowski, *pro se*

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the within and foregoing was mailed, postage prepaid, via first-class mail this 8th day of December, 2003 to:

William M. Brown, Jr.
Assistant United States Attorney
157 Church Street
New Haven, CT 06510

_____
Christopher Bakowski

PLAINTIFF
EXHIBIT

P-1

March 15, 2002

Christopher L. Bakowski
335 Rocky Rapids Road
Stamford, CT  06903-3126

Major General Walter B. Huffman
Judge Advocate General
Department of the Army
The Pentagon
Washington, D.C.  20310

---

I, Christopher L. Bakowski, am hereby presenting claims under the Federal Tort Claims Act (the "Act") against the individuals and/or agencies identified herein. I am not an attorney, but I am bringing this action in good faith that it is correct under the rules and procedures of the Act. The persons identified herein acted individually and/or conspired with others to violate my rights under the Constitution, Common Law, and/or Statutes.

On November 24, 1998 I filed a civil rights complaint in United States District Court, District of Connecticut against fifteen current and former federal employees and three federal agencies: the Department of Justice ("DOJ"), the Department of the Air Force ("Air Force"), and the Defense Contract Audit Agency ("DCAA") (collectively, "the agency defendants"). That case is currently pending before the Honorable Dominic J. Squatrito, U.S. District Judge, case CIVIL No. 3:98cv2287 (DJS).

Regarding this instant Administrative Claim, in summary, the individuals and agencies described herein made false statements, created false reports, violated the rules of criminal procedure, and presented false testimony to the U.S. District Judge presiding in the aforementioned civil action.

Mr. Joseph H. Rouse, Colonel James P. Gerstenlauer, Mr. Mitchell, Major Brett Coakley, Colonel Edward Hunt III, Captain Mike Deegan, and/or Major McConnon acting individually and/or in a conspiracy with others caused the date to be changed on a critical document in the pending civil action. These individuals, acting together and/or with others unknown at this time, caused all existing documents with the original date (May 27 1998) to be misplaced or destroyed. False statements and/or affidavits were then submitted to the Court. To the best of my knowledge, the aforementioned individuals were employed at the time by the Air Force, the Army, the DCAA, or the DOJ and these agencies therefore are also named herewith.

These illegal acts violated my rights as stated in the opening paragraphs. The intentional, malicious, negligent, and/or wrongful acts, and /or omissions by these individuals, and possibly others unknown to me at this time, give cause to this claim for administrative relief.

The trauma, humiliation, defamation, and pain that my family and I suffered during the period identified above have caused permanent, substantial, and irreparable harm to me. Because of these and other factors, I am demanding compensatory damages of $3,000,000, which includes adverse impact on earnings potential, and pain and suffering. I also seek $9,000,000 in punitive damages so that those responsible for these repugnant acts and the agencies that countenanced them will see that, in this country, with power comes responsibility and accountability. The sum certain that I seek is $12,000,000. Please make out a cashiers check payable to Christopher L. Bakowski and mail it to the address on the first page.

Finally, I demand a written apology from the U.S. Army, the U.S. Attorney's office, the USAF, the AFLSA, the DOJ, the JALS-LT, and the OGC, DCAA.

I would be happy to discuss this matter with you further and provide any other details that you deem necessary.

Christopher L. Bakowski

P.S. I demand that you instruct all parties hereto, that they find and preserve any and all documents, memoranda, phone logs, unredacted U.S. Army Claim Service's certified mail logs, notes, recordings, email, etc. regarding this incident until full discovery proceedings can be completed.

**Distribution**
Department of the Army
Department of the Air Force
Department of Justice
Defense Contract Audit Agency



**DEPARTMENT OF THE ARMY**
US ARMY CLAIMS SERVICE
OFFICE OF THE JUDGE ADVOCATE GENERAL
4411 LLEWELLYN AVENUE
FORT GEORGE G MEADE MARYLAND 20755-5360

REPLY TO
ATTENTION OF:

15 April 2002

CPT Ormsby
Eastern Torts Branch

Mr. Christopher L. Bakowski
335 Rocky Rapids Road
Stamford, Connecticut 06903-3126

Dear Mr. Bakowski:

Your claim was received in this office on April 11, 2002. Your claim will be processed under the Federal Tort Claims Act (FTCA) (28 USC sections 2671-2680). The FTCA contains a mandatory six-month administrative investigation and settlement period.

The following information is provided concerning the statute of limitations:

a. Filing of an administrative claim tolls the statute of limitations indefinitely or until the Army takes final administrative action **in writing** on the claim. Final administrative action consists of a denial or final settlement offer.

b. The FTCA permits you to file suit six months after the claim was filed, provided the claim has been properly filed and adequately documented. However, filing suit is not required, particularly if satisfactory progress is being made in the administrative claims process. If you do not file suit, the statute of limitations will continue to be tolled until final action is taken.

Sincerely,

Charles Ormsby, Jr.
Captain, U.S. Army
Claims Judge Advocate

{CS003900.1}

PLAINTIFF
EXHIBIT

P-2

October 4, 2002

Christopher Bakowski
335 Rocky Rapids Road
Stamford, CT 06903

Captain Charles Ormsby, Jr.
Claims Judge Advocate
U.S. Army Claims Service
4411 Llewellyn Avenue
Fort Meade, MD 20755-5360

Dear Captain Ormsby:

On March 15, 2002, an administrative claim was sent to several individuals and agencies of the United States government (copy attached). You responded on April 11, 2002 and began the mandatory six-month administrative investigation and settlement period (copy attached). Since the FTCA permits me to file suit six months after the claim was filed - effectively September 15, 2002 - I am inquiring at this time as to your progress in the investigation. I would like to work with you to resolve this matter, however, I need to hear from you reasonably soon or I will file suit pursuant to the FTCA guidelines.

Sincerely,



Christopher Bakowski

PLAINTIFF
EXHIBIT
P-3