UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Christopher Bakowski, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:02CV739(SRU) |
| ) | |
| Lieutenant Colonel Edward E. Hunt, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | December 22, 2003 |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
SECOND AMENDED COMPLAINT**

**I.      Plaintiff's Opposition Fails To Establish That He Exhausted His Administrative Remedies Before Attempting to Bring Suit Under The Federal Tort Claims Act (FTCA)**

Plaintiff does not dispute that a tort claim must be presented against the United States in writing to the appropriate federal agencies within 2 years after such claim accrues or else it is forever barred. 28 U.S.C. sec. 2401(b). If plaintiff fails to comply with this requirement the district court lacks subject matter jurisdiction over plaintiff's FTCA claim. Johnson v. Smithsonian Institution, 189 F. 3d 180, 189 (2d Cir. 1999), citing United States v. Kubrick, 444 U.S. 111, 117 (1979)("the statute of limitations contained in 2401(b) is strictly construed because the FTCA 'waives the immunity of the United states').

Similarly, plaintiff does not dispute that he bears the burden to plead and prove compliance with 2401(b). See, e.g., In re Agent Orange Product Liability Litigation, 818 F. 2d 210, 214 (2d Cir. 1987). Nor does plaintiff does appear to dispute that a claim under the FTCA accrues at either the

time of the injury or when the plaintiff, with reasonable diligence, should have discovered the facts critical to his injury, whichever is earlier. Kubrick, 444 U.S. at 118-22; Kronisch v. United States, 150 F. 3d 112, 121 (2d Cir. 1998).

Accordingly, contrary to plaintiff's assertions, defendants maintain that plaintiff's FTCA claim accrued between April 26, 1999 and June 8, 1999 when plaintiff discovered the injury and the critical facts, i.e., the allegedly false affidavits and arguments that were filed in Bakowski v. Kurimai, 3:98CV2287(DJS), on April 26, 1999. See Second Amended Complaint, pages 6-7, section D, paragraphs 2-11.

Plaintiff does not dispute that he filed an opposition to the government's April 26, 1999 motion to dismiss in Bakowski v. Kurimai on June 8, 1999. See **Attachment A**, Plaintiff's Limited Rebuttal to Defendants' Motion to Dismiss (Doc. #14, dated April 26, 1999) and Second Request for Extension of Time to Respond to Remaining Allegations. A review of plaintiff's response clearly shows that plaintiff was aware of the injury and critical facts that now form the basis of his FTCA claim: "The plaintiff requests that the court deny said motion due to the government's submission of a false document with respect to the date of the final notification of the plaintiff that his claim was denied." **Attachment A**, page 1; see also **Attachment B**, Memorandum in Support of Plaintiff's Rebuttal to the Defendants' Motion to Dismiss (Doc. #14), pages 1-2:

> "After reviewing the documents received by the plaintiff in this action, it appears that there is a bit of a discrepancy between what the government has sworn to be the truth and what actually is the truth . . . The plaintiff would like to direct the Court's attention to the date stamped to the top of this, purportedly same, letter. It is clearly marked "MAY 27, 1998" (emphasis added) not MAY 15 1998. The mystery and potential criminality of this discrepancy notwithstanding, the plaintiff moves the Court to deny the defendants' motion to dismiss in full."

**Attachment C**, Second Memorandum in Support of Plaintiff's Rebuttal to the Defendants' Motion to Dismiss, dated July 14, 1999, page 4:

> "The defendants argument in **II.C. Plaintiff's FTCA Cause of Action is Also Barred by the Statute's Limitation's Period for Bringing Suit**, is based solely on the fraudulent and deceitful submission of 'doctored' documents, by unknown persons, to this Court. The details of this assertion are enumerated in the previously submitted, <u>Plaintiff's Limited Rebuttal, dated June 8, 1999</u>.").

Therefore, based on plaintiff's own submissions, plaintiff's claim accrued on June 8, 1999 at the very latest.[1] Plaintiff's assertion that "the FTCA statute of limitations period began to run on March 15, 2000, at the earliest since this is the date that the plaintiff began the administrative claims process," (Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss Second Amended Complaint , page 3), is baseless and without merit. A claim does not accrue when the claimant decides to begin the administrative process. Furthermore, plaintiff's claim that "the onset of the emotional distress is the determining factor in applying the appropriate statute of limitations rule", (Id., page 4), is unsupported and incorrect as a matter of law.[2] Indeed, these assertions by plaintiff cannot toll the accrual of the statute of limitations because it is beyond dispute that a claim

---

[1] A review of PACER's docket report in <u>Bakowski v. Kurimai</u> also shows that plaintiff moved for an enlargement of time to file a response to the motion to dismiss on May 17, 1999 (<u>See</u> Dkt #14).

[2] Even if the statute of limitations did not begin to run until March 15, 2000, as plaintiff claims, plaintiff still fails to establish that his FTCA claim was presented in a timely manner. Although plaintiff's letter is dated March 15, 2002 (<u>see</u> Plaintiff's Memo, Exhibit 1) it was apparently not received by the Department of the Army Judge Advocate General Claims Service until April 11, 2002, more than 2 years after March 15, 2000. <u>See</u> Plaintiff's Memo, Exhibit 2. Plaintiff provides no evidence to indicate when or how he sent the March 15, 2002 letter to the Army Claims Service, nor does he dispute that his letter was not received until April 11, 2002. <u>See</u> 28 C.F.R. sec. 14.2(a)(a formal claim is not filed for 2401(b) purposes until a federal agency receives proper written notification of an incident).

accrues within the meaning of section 2401(b) "when the plaintiff knows both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute" a legal cause of action.  Kubrick, 444 U.S. 111, 111.

Finally, plaintiff argues that since he was not notified of the two year statute of limitations shortly after the Claims Service received his March 15, 2002 letter, his claim should not be barred as untimely.  Plaintiff's Memo, page 4.  This argument is unsupported and unavailing.  In fact, plaintiff was made fully aware of the two-year deadline from the district court's March 20, 2000 Memorandum of Decision in the underlying matter Bakowski v. Kurimai, 2000 WL 565230, 3:98CV2287(DJS)(Dkt# 30) which fully addressed the FTCA statute of limitations and specifically discussed the two-year time limit to file a claim.  In addition, plaintiff improperly filed his original Bivens complaint in this matter on April 26, 2002, a mere 2 weeks after the Claims Service received his letter.  This is a clear violation of the FTCA statute which required plaintiff to wait 6 months if he intended to pursue an FTCA claim in the district court. 28 U.S.C. sec. 2675(a); McNeil v. U.S., 508 U.S. 106, 113 S. Ct. 1980 (1993).

Accordingly, defendants maintain that plaintiff's March 15, 2002 letter, even assuming that it meets the requirements of a proper administrative FTCA claim, was nearly one full year too late.  As a result, the second amended complaint is "forever barred" and must be dismissed for lack of subject matter jurisdiction. 28 U.S.C. § 2401(b).

## II. Conclusion

Accordingly, for these reasons and those previously set forth, the plaintiff's second amended complaint should be dismissed with prejudice.

> Respectfully submitted,
>
> KEVIN J. O'CONNOR
> UNITED STATES ATTORNEY
>
>
> _____
> WILLIAM M. BROWN, JR. (ct20813)
> Assistant United States Attorney
> 157 Church Street
> P.O. Box 1824
> New Haven, CT 06508
> (203) 821-3700

## CERTIFICATION OF SERVICE

I certify that a copy of the foregoing was mailed first-class, postage prepaid, on this 23rd day of December, 2003, to:

Mr. Christopher Bakowski
335 Rocky Rapids Road
Stamford, CT 06903

_____
WILLIAM M. BROWN, JR.
ASSISTANT UNITED STATES ATTORNEY