UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Christopher Bakowski, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:02CV739(SRU) |
| ) | |
| Lieutenant Colonel Edward E. Hunt, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | March 31, 2004 |

**DEFENDANTS' OBJECTION TO MOTION FOR RECONSIDERATION**

The Defendants hereby object to Plaintiff's motion to reconsider the Court's decision of February 27, 2004, granting the Defendants' motion to dismiss plaintiff's Second Amended Complaint, with judgment entering for Defendants on March 2, 2004. Plaintiff fails to set forth any legitimate basis to disturb the Court's decision.

**I. Standard**

A court should grant or award relief on a motion for reconsideration "only if the moving party presents [factual] matters or controlling decisions the court overlooked that might materially have influenced its earlier decision." Horsehead Resource Development Co., Inc., v. B.U.S. Environmental Services, Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996)(quotations and citations omitted). See also City of Hartford v. Chase, 942 F. 2d 130, 133-34 (2d Cir. 1991)("Motions for reconsideration under D. Conn. Local Rule 9(e)[now Local Rule 7(c)] . . . are as a practical matter the same thing as motions for amendment of judgment under Fed.R.Civ.P.

59(e)--each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance." See D. Conn. L.Civ.R. 7(c).

**II. Analysis**

Plaintiff's motion fails to cite any factual matters or controlling decisions that might have influenced the Court's earlier decision dismissing Plaintiff's Second Amended Complaint for failure to exhaust administrative remedies under the Federal Tort Claims Act (FTCA). The "new" string of cases cited by plaintiff to support his arguments are cases that were brought under the Federal Employers' Liability Act (FELA), not the FTCA.[1] Therefore, these cases are not controlling or even applicable to Plaintiff's case.

Plaintiff's continuing efforts to distinguish his case from the Supreme Court's holding in United States v. Kubrick, 444 U.S. 111 (1979), the controlling decision in this case, should again be rejected by this Court as Plaintiff sets forth no legitimate argument that the Court was mistaken in its factual findings or legal interpretations. It is clear that a motion for reconsideration "may not be used to plug gaps in original arguments or to argue in the alternative once a decision has been made." Horsehead Resource Development Co., Inc., v. B.U.S. Environmental Services, Inc., 928 F. Supp. 289. Plaintiff appears to be simply rehashing arguments previously presented, both in writing and during oral argument, that were considered and properly rejected by the Court. Plaintiff provides no good reason to disturb the Court's

---

[1] Plaintiff cites Urie v. Thompson, 337 U.S. 163 (1949), Consolidated Rail Corporation v. Gottshall, 512 U.S. 532 (1994), Metro-North Commuter Railroad Co. v. Buckley, 521 U.S. 424 (1997), and Mix v. Delaware and Hudson Railway Company, Inc., 345 F. 3d 82 (2d Cir. 2003).

finding that Plaintiff failed to meet his burden to plead and prove compliance with section 2401(b) of the FTCA.  See  <u>In re Agent Orange Product Liability Litigation</u>, 818 F. 2d 210, 214 (2d Cir. 1987).

### III.     Conclusion

Accordingly, the Plaintiff's motion for reconsideration should be denied.

                                        Respectfully submitted,

                                        KEVIN J. O'CONNOR
                                        UNITED STATES ATTORNEY


                                        _____
                                        WILLIAM M. BROWN, JR. (ct20813)
                                        Assistant United States Attorney
                                        157 Church Street
                                        P.O. Box 1824
                                        New Haven, CT 06508
                                        (203) 821-3700

## **CERTIFICATION OF SERVICE**

I certify that a copy of the foregoing was mailed first-class, postage prepaid, on this 1st day of April, 2004, to:

Mr. Christopher Bakowski
335 Rocky Rapids Road
Stamford, CT 06903

_____
WILLIAM M. BROWN, JR.
ASSISTANT UNITED STATES ATTORNEY