UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER BAKOWSKI,   : | |
|     Plaintiff,   : | |
| : | CIVIL ACTION NO. |
| v.   : | 3:02cv739 (SRU) |
| : | |
| LIEUTENANT COLONEL EDWARD E.   : | |
| HUNT, ET AL.,   : | |
|     Defendants.   : | |

## RULING ON MOTION FOR RECONSIDERATION

    Christopher Bakowski, who claims the government's filing of an allegedly fraudulent document in a prior lawsuit intentionally and negligently caused him emotional distress, asks me to reconsider my ruling that his cause of action under the Federal Tort Claims Act ("FTCA") accrued when he became aware of the allegedly fraudulent submission. Bakowski argues that the recent Second Circuit decision in Mix v. Delaware and Hudson Railway Co., 345 F.3d 82 (2d Cir. 2003), confirms his position that his cause of action did not accrue until his more serious symptoms of distress became manifest. Having read the Mix opinion, I see no error in my previous decision and will abide by it.

    In 1998, Bakowski filed a civil rights action against a number of government defendants. Bakowski v. Kurimai, 3:98cv2287 (DJS). In April 1999, the government filed a motion to dismiss, attaching in support of it a letter that Bakowski believes was fabricated. Bakowski raised the fabrication issue in his opposition filed on June 8, 1999, and the government, in response, withdrew the letter and the arguments related to it. Ultimately, in July 2002, Bakowski's case was resolved by summary judgment in the government's favor.

    On March 15, 2002, almost three years after the submission of the allegedly false document, Bakowski initiated an FTCA proceeding claiming that the submission of the allegedly

falsified letter both negligently and intentionally caused him emotional distress, including sleep disorder and acute anxiety. The defendants moved to dismiss arguing, among other things, that the statute of limitations for Bakowski's claim expired, at the latest, on June 8, 2001 – two years after he filed opposition papers stating his belief in the falsity of the submission. Bakowski responded that he did not discover his injury until the summer of 2000 when "it became clear to the plaintiff that those involved in the fabrication of the May 15, 1998 document would not be brought to justice." (Pl.'s Opp. to Mot. to Dism. at 3.)

On February 27, 2004, at oral argument, I granted defendants' motion. I concluded that, even if the severity of Bakowski's injury was not apparent to him until 2000, he was aware of the fact of the alleged outrageous conduct and its cause, by June 8, 1999. Thus, his claim accrued then and had to be brought before June 8, 2001 – almost a year before it was actually initiated. See 28 U.S.C. § 2401(b) ("tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"); Kronisch v. United States, 150 F.3d 112, 121 (2d Cir. 1998) (claim accrues, at the latest, when plaintiff discovers the "critical facts" of injury and causation).

The Mix opinion, which Bakowski now cites, does not call into question the underlying legal principle on which I rested my decision. Assuming Mix applies to the FTCA, it only confirms the basic rule that a claim "accrues upon the plaintiff's discovery of *both* his injury and its cause." Mix, 345 F.3d at 90 (emphasis in original). Bakowski reads Mix as holding that a plaintiff's cause of action accrues only after the plaintiff learns all the consequences of his injury, i.e., when the plaintiff learns the full extent of his damages. Mix held otherwise. The plaintiff in Mix sought recovery for injuries caused by exposure to noisy work conditions. The Second Circuit held that summary judgment was properly granted on all claims for injuries sustained

more than three years prior to the filing of the lawsuit, but left open the possibility that the continuous exposure to noisy conditions may have caused the plaintiff a *distinct injury* during the statute of limitations period.  Mix, 345 F.3d at 90-91  Thus, Mix explains that a plaintiff whose injury is caused by an activity beginning outside the limitations period may still have a cause of action if that activity does not cause an injury until the harmful activity has continued into the limitations period.  Id.  What Mix does not do is alter the fundamental principle that a cause of action accrues when the injury occurs; it merely elucidates that injury may be the result of accumulated causes.

    The Mix decision bears no similarity to Bakowski's case.  Bakowski was not, according to his complaint, the victim of numerous or continuous acts of outrageous conduct.  Rather, he experienced one instance of allegedly outrageous conduct, submission of the allegedly false letter, the existence and cause of which were both almost immediately known to him as indicated by his prompt reaction to the filing of the letter.  In other words, Bakowski suffered one injury, and he suffered it before June 8, 1999.  Consequently, as I held before, as soon as Bakowski was injured, i.e., as soon as he knew the letter had been filed and believed it was false, his claim accrued.  The accumulation of damages after an injury does not alter the date of the injury and therefore does not postpone the accrual of the cause of action.

    For the aforementioned reasons, Bakowski's Motion for Reconsideration (doc. # 43) is GRANTED, but on reconsideration I abide by my previous ruling.

    It is so ordered.

    Dated at Bridgeport, Connecticut, this 25th day of October 2004.

    /s/ Stefan R. Underhill
    Stefan R. Underhill
    United States District Judge