Dst. of Conn. (New Haven)
02-cv-739
Underhill

# MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 21st day of September Two thousand five.

PRESENT:

    RICHARD J. CARDAMONE
    JOSÉ A. CABRANES
    ROSEMARY S. POOLER
    *Circuit Judges.*



FILED SEP 2 1 2005

------------------------------------------------x

CHRISTOPHER L. BAKOWSKI,

    *Plaintiff-Appellant,*

    -v.-

EDWARD E. HUNT, Lieutenant Colonel, USAF, JOSEPH H. ROUSE, Chief & Deputy Chief of Tort Claims, U.S. Army, JAMES P. GERSTENLAUER, Colonel, U.S. Army, BRETT COAKLEY, Major, General Torts Branch, AFLSA/JACT, MIKE DEEGAN, Captain, Army Claims Service, MR. MITCHELL, OGC, Defense Contract Audit Agency ("DCAA"), MCCONNON, Major, Torts Branch, Department of Justice, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES AIR FORCE, UNITED STATES DEFENSE CONTRACT AUDIT AGENCY, UNITED STATES ARMY,

    *Defendants-Appellees.*

No. 04-6442

2006 APR 17 A 8:13 FILED

------------------------------------------------x

Issued as Mandate: APR 1 0 2006

| | |
|---|---|
| **APPEARING FOR APPELLANT:** | CHRISTOPHER L. BAKOWSKI, *pro se*, Stamford, CT |
| **APPEARING FOR APPELLEES:** | LISA E. PERKINS, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *of counsel*; Kevin J. O'Connor, United States Attorney for the District of Connecticut, *on the brief*), United States Attorney's Office for the District of Connecticut, Hartford, CT |

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Christopher L. Bakowski, appeals *pro se* from the District Court's dismissal of his amended complaint,[1] which contained tort claims against various federal agencies and officers. Plaintiff contends that he suffered psychological injuries and concomitant physical injuries stemming from an alleged conspiracy by defendants to submit fabricated documents to the court in a prior litigation brought by plaintiff. Defendants moved to dismiss plaintiff's amended complaint, and the District Court granted that motion at oral argument on February 27, 2004.[2] Plaintiff then moved for reconsideration, and on October 25, 2004, the District Court granted the motion, but adhered to its prior ruling dismissing plaintiff's amended complaint.

The District Court held that plaintiff failed to file his claims within two years of their accrual, as the Federal Tort Claims Act ("FTCA") requires. *See* 28 U.S.C. § 2401(b). On appeal, plaintiff challenges the District Court's determination regarding the date of the accrual of his claims. Following *de novo* review of the District Court's dismissal for failure to comply with the relevant statute of limitations, *see Kronisch v. United States*, 150 F.3d 112, 120 (2d Cir. 1998), we conclude that plaintiff's claims were untimely for substantially the reasons stated by the District Court in its Ruling on Motion for Reconsideration. As the waiver of sovereign immunity in the FTCA is circumscribed by the two-year limitations period contained in 28 U.S.C. § 2401(b), *see Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), the District Court lacked jurisdiction to entertain plaintiff's claims and appropriately dismissed them.

---

[1] Plaintiff's original complaint was dismissed without prejudice on September 15, 2003. The amended complaint plaintiff thereafter submitted was styled his "Complaint (Second Amendment)," even though the record contains no indication of a prior amendment. Accordingly, the "Complaint (Second Amendment)" is referred to herein as the amended complaint.

[2] The record does not include a transcript of those proceedings, and the District Court's docket sheet does not reflect that a transcript was ever prepared. Nevertheless, the District Court's written opinion on plaintiff's motion for reconsideration sets forth the reasoning of its prior decision rendered at oral argument.

Furthermore, the District Court lacked jurisdiction because of plaintiff's failure to show that he had exhausted his administrative remedies in advance of bringing suit. *See* 28 U.S.C. § 2675(a); *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004)(federal government's waiver of sovereign immunity in the FTCA conditioned on plaintiff's compliance with the exhaustion requirement of 28 U.S.C. § 2675(a)). In the District Court and on appeal, defendants raised failure to exhaust as a jurisdictional bar to plaintiff's claims. Although the District Court did not reach the exhaustion issue, we may decide the appeal on that additional ground, *see Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 90 (2d Cir. 2004) (noting that "we have the authority to decide issues that were argued before but not reached by the district court"), and we conclude that plaintiff failed to comply with the exhaustion requirement of 28 U.S.C. § 2675(a).

A plaintiff asserting a claim pursuant to the FTCA must present his claim to the relevant government agency and await either a final administrative disposition or the passage of six months without such a disposition. 28 U.S.C. § 2675(a). It is evident that plaintiff failed to wait the requisite six months before filing suit, as he presented his claims to the Department of the Army by letter dated March 15, 2002 and initiated this suit on April 26, 2002. Nothing in the record suggests that plaintiff received a final administrative disposition in the intervening period. Accordingly, plaintiff failed to demonstrate that he exhausted his administrative remedies, *see* 28 U.S.C. § 2675(a), and the District Court was deprived of jurisdiction over this action. *See Adeleke*, 355 F.3d at 153.

We have considered all of plaintiff's claims on appeal and we hereby **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Roseann B. MacKechnie, Clerk of Court

By *[signature: Lucille Carr]*

A TRUE COPY
Roseann B. MacKechnie, CLERK

by *[signature]*

3